**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL MAYNARD, # 431280,

        Petitioner,

v.                                                Case Number: 09-CV-13861
                                                Honorable George Caram Steeh

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING
WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, AND
(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Michael Maynard, a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan, filed his "Petition for Writ of Habeas Corpus" [dkt. # 1], on September 30, 2009, asserting that he is being held in violation of his constitutional rights. On December 6, 2007, Maynard pleaded guilty to first-degree home invasion in the Macomb County circuit court. In exchange, the prosecutor agreed to dismiss the habitual offender notice and agreed to a sentence at the low end of the sentencing guidelines. On January 16, 2008, Maynard was sentenced, consistent with the plea agreement, to six to twenty years in prison for his plea-based conviction. This matter is before the Court on Respondent Hugh Wolfenbarger's "Motion to Dismiss" [dkt. # 5] the petition for failure to fully exhaust state-court remedies; Maynard's claim regarding ineffective assistance of trial counsel, for failing to object to his sentence, has not been properly exhausted in the state courts. For the reasons stated, the Court will dismiss the petition without prejudice so that Maynard may return to state court to exhaust. The Court also declines to issue a certificate of appealability and leave to proceed

on appeal *in forma pauperis*.

## I. BACKGROUND

Following his plea, Maynard filed a motion, with the trial court, to correct the guidelines and re-sentence him. The motion was denied on June 30, 2008.

Subsequently, Maynard filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals, raising the following claims: (1) that his sentence was improperly scored, and (2) the trial court's order that he pay the cost for his court-appointed attorney was improper where he was indigent.

On February 3, 2009, the Michigan Court of Appeals issued an order, stating:

> In lieu of granting the delayed application for leave to appeal, pursuant to MCR 7.205(D)(2), the Court VACATES that portion of the sentence that ordered defendant to pay attorney fees, and REMANDS this case to the trial court. The trial court erred in ordering defendant to pay attorney fees without first assessing defendant's ability to pay. On remand, the trial court shall address defendant's current and future financial circumstances and foreseeable ability to reimburse the county for attorney fees before determining whether defendant should pay those fees. At the trial court's discretion, the decision may be based on the record without the need for a formal evidentiary hearing.
>
> We do not retain jurisdiction.

*People v. Maynard*, No. 289399 (Mich.Ct.App. Feb. 3, 2009) (citations omitted).

In his pleadings, Maynard contends that appellate counsel informed him, on July 16, 2009, that his application for leave to appeal was denied by the Court of Appeals. He then filed his application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court. On August 28, 2009, the Michigan Supreme Court rejected Maynard's late application for leave to appeal as untimely. It does not appear that Maynard filed a writ of certiorari with the United States

2

Supreme Court or a post-conviction motion with the state court.

Rather, Maynard filed this habeas petition, raising an ineffective assistance of counsel claim regarding his sentence.

## II. DISCUSSION

The instant petition must be dismissed because it contains a claim that Maynard failed to exhaust with the state courts.

As a general rule, a state prisoner seeking federal-habeas relief must first exhaust his available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal-habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans* ). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990) (issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court). The burden is on the petitioner to prove

exhaustion. *Rust*, 17 F.3d at 160.

Thus, here, the state courts must first be given a fair opportunity to rule upon Maynard's habeas claim before he can present that claim to this Court. *Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, *i.e.*, "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)

In this case, Maynard has not met his burden of demonstrating exhaustion of state-court remedies. The Court concludes that he did not present the issue that his trial counsel was constitutionally ineffective, for failing to object to his sentence, to the Michigan Supreme Court, though it does not appear that he was at fault. However, because both state appellate courts must be afforded a fair opportunity to pass on all of his allegations before he may present them to the federal courts on habeas review, Maynard's single claim, his ineffective-assistance-of-trial-counsel claim, remains unexhausted.

The exhaustion requirement may be excused where there is no opportunity to obtain relief

4

in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Court must consider whether Maynard has an avenue available for exhaustion of his unexhausted claim in state court.

Maynard's ineffective-assistance-of-counsel claim is unexhausted because that claim was never presented to the Michigan Supreme Court. Although Maynard raised the claim in his appeal with the Court of Appeals, the presentation of that claim in the Court of Appeals is insufficient to exhaust that claim, for the purpose of this review; through no fault of his own Maynard was precluded from presenting the claim to the Michigan Supreme Court.

However, an exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth*, 454 U.S. at 3. A habeas petitioner, however, has the burden of showing that all available state-court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F.Supp.2d 898, 901 (N.D. Iowa 1999).

Here, the Court finds that Maynard still has an avenue in which in may obtain relief in the state courts. Maynard's method of properly exhausting his unexhausted claim in the state courts would be through filing a motion for relief from judgment with the trial court. The Michigan Court Rules provide a process through which he may raise his unexhausted claim; he can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on his claim. Maynard may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.

5

Therefore, Maynard's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide the issue.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review Maynard's unexhausted claim, such action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of his claims before he litigates those claims in this Court; otherwise, the Court cannot apply the 28 U.S.C. § 2254 standard.

### III. CONCLUSION

For the reasons stated, the Court concludes that Maynard has not exhausted his state-court remedies as to the ineffective-assistance-of-counsel claim contained in his habeas petition. Accordingly, the Court **GRANTS** Respondent's "Motion to Dismiss" [dkt. # 5] and **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

Before Maynard may appeal this decision, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES** to issue a COA. The Court also **DECLINES** to issue an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

Dated: April 21, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk